# Matter of Ricardo MOMPLAISIR, Respondent

*Decided by Board June 12, 2026[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The Department of Homeland Security properly authenticated the Form I-213 (Record of Deportable/Inadmissible Alien) and the Form I-94 (Arrival/Departure Record) by attaching to each document a Form G-24 (Certification of Documents) signed by the District Records Manager.

FOR THE RESPONDENT: Judah Ben Lakin, Esquire, Oakland, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Electronica S. Kleinschmit, Assistant Chief Counsel

BEFORE: Board Panel: VOLKERT and CHABAN, Appellate Immigration Judges; GILLIES, Temporary Appellate Immigration Judge.

GILLIES, Temporary Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals from an Immigration Judge's June 11, 2019, decision granting the respondent's motion to terminate proceedings. The respondent, a lawful permanent resident, opposes the appeal. The appeal will be sustained. The record will be remanded.

DHS has the burden of establishing by clear and convincing evidence the inadmissibility of a returning lawful permanent resident. Section 240(c)(3)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229a(c)(3)(A) (2018). It also bears the burden of proving alienage. 8 C.F.R. § 1240.8(a) (2026); *Matter of Guevara*, 20 I&N Dec. 238, 242 (BIA 1991) (citing *Woodby v. INS*, 385 U.S. 276 (1966)). To prove the respondent's alienage, DHS proffered a Form I-213 (Record of Deportable/Inadmissible Alien), which contained the respondent's statements regarding his alienage, and a Form I-94 (Arrival/Departure

---

[1] Pursuant to Order No. 7030-2026, dated July 24, 2026, the Acting Attorney General designated the Board's decision in *Matter of Momplaisir* (BIA June 12, 2026), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2026). Editorial changes have been made consistent with the designation of the case as a precedent.

Record), which referenced his Haitian citizenship and passport number. DHS provided a Form G-24 (Certification of Documents) signed by "George Y. Leong, District Record Manager" to authenticate each document. DHS did not offer or argue in favor of any other method of authentication.

The Immigration Judge ruled that DHS did not properly authenticate the Form I-213 because it failed to establish that the document was "a copy attested by the official having legal custody of the record or by an authorized deputy." 8 C.F.R. § 287.6(a) (2026). Hence, the Immigration Judge excluded the Form I-213, ruled that DHS failed to meet its burden to establish the respondent's alienage by clear and convincing evidence, and terminated proceedings.

On appeal DHS asserts that it properly authenticated the Form I-213 and Form I-94 under 8 C.F.R. § 287.6(a). According to DHS, Mr. Leong is "an authorized deputy of the Secretary of Homeland Security, who is the legal custodian by statute." In support of its argument, DHS submitted on appeal a copy of a 2017 interoffice memorandum from John Kramer, District Director, U.S. Citizenship and Immigration Services, delegating the authority to certify copies of files, documents, and records in the custody of the district and the San Francisco Field Office to District Records Manager, Mr. Leong.

We agree with DHS and will reverse the Immigration Judge's decision to terminate proceedings. Each certification document accompanying the Form I-213 and Form I-94 is on official Department of Homeland Security U.S. Citizenship and Immigration Services ("USCIS") letterhead and states that the Secretary of DHS is the legal custodian of the records by virtue of section 103 of the INA, 8 U.S.C. § 1103. Each document specifies that George Y. Leong, as the USCIS District Records Manager of the San Francisco District, certified the Form I-213 and Form I-94 as "originals, or copies thereof" from USCIS records in the DHS Secretary's custody and that he was vested by the INA and the regulations with the authority to certify said records. Section 103 of the INA, 8 U.S.C. § 1103, in turn, authorizes the DHS Secretary to confer upon any DHS employee the ability to exercise any of the Secretary's powers, privileges, or duties, which includes the control, direction, and supervision of all USCIS' files and records. INA § 103(a)(2), (4), 8 U.S.C. § 1103(a)(2), (4). The regulations similarly set forth the DHS Secretary's authority to confer upon a designated official the power to certify records. 8 C.F.R. §§ 2.1, 106.5. Read in conjunction with the statute and the relevant regulations, the certification documents make clear that George Y. Leong is an official having legal custody of the records with the delegated authority to

certify the authenticity of the documents submitted.[2]  We conclude that each certification document properly authenticated the accompanying Form I-213 and Form I-94.  *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) (holding that a Form I-213 was properly authenticated and admitted into evidence because the form was certified by the Immigration and Naturalization Service's Los Angeles district director).  The Immigration Judge erred in excluding the documents from the record and terminating proceedings.[3]

Accordingly, we will remand the record for the Immigration Judge to consider the Form I-213 and Form I-94 in making findings of fact regarding the respondent's alienage and removability.  INA § 240(c)(3)(A), 8 U.S.C. § 1229a(c)(3)(A); 8 C.F.R. § 1003.1(d)(3)(iv).  In making these findings the Immigration Judge should also consider the interoffice memorandum DHS submitted on appeal.

**ORDER:**  The appeal is sustained.

**FURTHER ORDER:**  The Immigration Judge's June 11, 2019, decision is vacated.

**FURTHER ORDER:**  The record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[2]  Although we do not rely on the 2017 interoffice memorandum submitted by DHS for the first time on appeal, *see Matter of Fedorenko*, 19 I&N Dec. 57, 73–74 (BIA 1984), we note that the memorandum is consistent with our conclusion.

[3]  Having reached our conclusion pursuant to section 103 of the INA, 8 U.S.C. § 1103, and the relevant regulations, we need not address DHS' alternative argument relying on the Federal Rules of Evidence.